UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA FOREGGER,<br><br>    Plaintiff,<br><br>v.<br><br>REDFIN CORPORATION,<br><br>    Defendant. | Case No. 24-cv-05701-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

    Before the Court is Defendant Redfin Corporation's motion to dismiss, Dkt. No. 8. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court GRANTS the motion.

**I.    BACKGROUND**

    Pro se Plaintiff Cristina Foregger filed a complaint against Defendant Redfin Corporation in Alameda County Superior Court in July 2024. *See* Dkt. No. 1-2 ("Compl."). The complaint lists "defamation of character" and "defrauding the court system" as Plaintiff's causes of action. *Id.* at 5, § 10. Although the allegations in the complaint are difficult to follow, the Court understands Plaintiff to allege that several attorneys representing Redfin, her former employer, made false statements about her during the course of pursuing a purportedly fraudulent workplace violence restraining order against her in state court. *Id.* at 6, 7. She claims that the restraining order has negatively affected her real estate business. *Id.* at 7. The complaint seeks compensatory damages in the amount of $3,000,000. *Id*. at 5, § 14.

    Defendant removed the case to this Court in August 2024, Dkt. No. 1, then moved to dismiss the complaint, Dkt. No. 8 ("Mot."). Defendant argues that the complaint should be dismissed because "defrauding the court system" is not a cognizable claim, and Plaintiff also fails

1  to state a claim for defamation.  *See* Mot. at 11–12.  In the alternative, Defendant asks the Court to
2  order Plaintiff to file a more definite statement, or to compel Plaintiff's claims to arbitration.  *See*
3  *id.* at 18.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Additionally, "[p]leadings must be construed so as to do justice."  Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted).  Nevertheless, "pro se litigants are bound by the rules of procedure."  *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).  Even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled."  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### III. DISCUSSION

The Court grants Defendant's motion to dismiss because Plaintiff's complaint does not adhere to Rule 8's requirement to set out "a short and plain statement of the claim." Even liberally construing Plaintiff's allegations, the complaint deviates too far from the requirement that "[e]ach allegation [ ] be simple, concise, and direct" to proceed as pled. Fed. R. Civ. P. 8(d)(1). Plaintiff references an allegedly fraudulent restraining order involving Defendant and a previous whistleblower lawsuit, *see* Compl. at 6, but the specific facts she includes fail to supply the necessary context for her assertions or establish how her factual assertions connect to her stated causes of action.

More specifically, the complaint fails to set out a short and plain statement of a defamation claim. "To state a claim for defamation under California law, a plaintiff must allege '(a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage.'" *Burmeister v. Saldich*, No. 22-CV-00088-HSG, 2023 WL 309044, at *3 (N.D. Cal. Jan. 18, 2023) (quoting *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007)). Plaintiff's complaint characterizes several individuals as Defendant's "lying attorneys," but it fails to specifically identify the substance of the false statements they allegedly made about her, when the statements were made, and to whom. Plaintiff offers additional factual allegations in her opposition brief, describing in further detail the circumstances of the state court restraining order, and contending that the Court "can see on the State Court papers the lies . . . from the Redfin attorneys as well as Redfin managers." *See* Dkt. No. 18 at 4; *see also* Compl. at 6 (referring to facts that Plaintiff "attached" to the complaint). However, it is not the Court's responsibility to comb through documents that Plaintiff has attached to her complaint to identify facts that could plausibly state her legal claims. Rather, it is Plaintiff's burden to ensure that the complaint itself contains "sufficient facts to support a cognizable legal theory." *See Mendiondo*, 521 F.3d at 1104; *see also Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."). The conclusory statements and unsubstantiated assertions of "lying" that

3

comprise Plaintiff's original complaint are insufficient under Rule 8.[1]

Similarly, it is unclear what cause of action Plaintiff intends to assert against Defendant by alleging a claim of "defrauding the court system." *See* Compl. at 5, § 10. "Fraud on the court" is a cause of action that allows courts to vacate judgments obtained by fraud. *See United States v. Est. of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011). Plaintiff's complaint states that she was "roped into a fraudulent restraining order." Compl. at 6. But instead of asking the Court to vacate the order, Plaintiff appears to seek only damages, which are not available as a remedy for a "fraud on the court" claim. *See Edwards v. Edwards*, No. CV2300552FMORAO, 2023 WL 3010158, at *4 (C.D. Cal. Apr. 19, 2023). Moreover, Plaintiff's assertions about "lying attorneys" do not sufficiently plead a claim of fraud, as Plaintiff is required to clearly identify "the who, what, when, where, and how" of any alleged fraudulent conduct. *See Drawsand v. F.F. Properties, L.L.P.*, 866 F. Supp. 2d 1110, 1123 (N.D. Cal. 2011). These deficiencies are fatal because they do not provide Defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555 (internal quotation omitted).

"Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Here, Plaintiff's complaint fails to provide the necessary "factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (internal citation omitted). Accordingly, the Court grants Defendant's motion to dismiss, Dkt. No. 8. Since this finding is sufficient to dispose of the complaint, the Court need not rule on any of Defendant's other arguments, including whether Plaintiff's claims are subject to arbitration.[2]

---

[1] In considering an amended complaint, Plaintiff should be aware, for example, that statements that lawyers or other individuals make in legal pleadings or in connection with legal proceedings are likely subject to the litigation privilege, which bars liability for tort claims such as defamation. *See Catlin Ins. Co., Inc. v. Meredith*, No. 20-CV-01345-HSG, 2021 WL 764042, at *4 (N.D. Cal. Feb. 26, 2021) (citing *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (Cal. 1990)).

[2] The Court notes, however, that Plaintiff does not appear to contest the validity or the terms of the arbitration agreement that Defendant alleges she signed with Redfin.

## IV. CONCLUSION

The Court grants Defendant's motion to dismiss, Dkt. No. 8. Despite these pleading deficiencies, the Court cannot say at this stage that amending the complaint would be futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Plaintiff may still be able to allege sufficient facts to state a claim. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). **Plaintiff shall file an amended complaint by no later than April 22, 2025.** Failure to file an amended complaint by this deadline may result in the dismissal of the action in its entirety without further leave to amend. In addition, Plaintiff's amended complaint may be dismissed if she does not correct the deficiencies the Court has identified in this order. As the Court has explained, any amended pleading must (1) provide adequate notice of what conduct is alleged to have violated what law or right and (2) explain how the facts alleged establish the elements of each cause of action.

The Court encourages Plaintiff to seek the assistance of the free Legal Help Center operated by the Bar Association of San Francisco. The Legal Help Center sets up appointments to speak with a lawyer for basic legal help, but it does not provide legal representation. Appointments can be scheduled by emailing fedpro@sfbar.org or by calling (415) 782-8982. Plaintiff may also wish to consult the resources available on the Court's website, at https://cand.uscourts.gov/pro-se-litigants/, for people who are representing themselves without a lawyer.

**IT IS SO ORDERED.**

Dated: 3/26/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge