UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHRISTINA FOREGGER,

Plaintiff,

v.

REDFIN CORPORATION,

Defendant.

Case No.  24-cv-05701-HSG   (JD)

**ORDER RE MOTIONS FOR DISQUALIFICATION**

Pro se plaintiff Christina Foregger filed four requests to disqualify Judge Haywood Gilliam from presiding over her case, *Foregger v. Redfin Corp.*, Case No. 24-cv-05701-HSG.  *See* Dkt. Nos. 44, 46 58, 59.  The first request was made on a California state court complaint form and did not specify a federal statute or rule as a basis for disqualification. Dkt. No. 44 at ECF 3-4.  The second, third, and fourth requests also did not specify a federal basis for disqualification.  Dkt. Nos. 46, 58, 59.  Even so, the Court reads the requests with a generous eye in light of plaintiff's pro se status.  Disqualification is denied.

The rule in our circuit is that a judge should handle the cases assigned to him or her unless a legitimate reason for disqualification exists.  *United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008).  Legitimate reasons for disqualification are identified in two statutes -- 28 U.S.C. §§ 455 and 144 -- and Canon 3(C) of the Code of Conduct for United States Judges.  Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a); *see also id.* § 455(b)(1) (disqualification proper when judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding").  Section 144 mandates reassignment to another judge when "the judge before whom

the matter is pending has a personal bias or prejudice either against [the moving party] or in favor of any adverse party." *Id.* § 144. A party seeking disqualification under Section 144 must file "a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." *Id.* Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. *See United States v. Sibla*, 624 F.2d 864, 865 (9th Cir. 1980). Section 3(C) of the Code of Conduct permits disqualification for the same substantive reasons as Sections 144 and 455.

While the procedure for motions under Section 144 and Section 455 is slightly different, the governing standard is the same. *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, 257 F. Supp. 3d 1084, 1089 (N.D. Cal. 2017). "Our circuit has held that '[t]he test for personal bias or prejudice in section 44 is identical to that in section 455(b)(1).'" *Id.* (alteration in original) (quoting *Sibla*, 624 F.2d at 867). "Consequently, where, as here, the only question is whether a district judge should be removed from a case for personal bias or prejudice under Sections 144, 455(a), and 455(b)(1), the 'same substantive standard will be applied to each section.'" *Id.* (citation omitted). "The standard is an objective one and asks 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Id.* (quoting *Holland*, 519 F.3d at 913-14). "The reasonable person for this inquiry is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer." *Id.* (cleaned up).

Plaintiff Foregger has not demonstrated any basis for disqualification. To start, Foregger did not file a timely and sufficient affidavit for purposes of Section 144, and so that statute is not in play. *See Sibla*, 624 F.2d at 865. Overall, Foregger did not identify any facts that even remotely would allow a reasonable person to conclude that Judge Gilliam's impartiality could be questioned. Foregger's only stated reason for seeking disqualification is that Judge Gilliam "did not turn in Taylor Neff," who appears to be an attorney, "for handling a whistleblower's lawsuit in the State of California where she does not have California attorney license" and so "attempting to cover up for unethical attorneys." Dkt. Nos. 58 at ECF 2; 59 at ECF 2. That is not a grounds for

United States District Court
Northern District of California

United States District Court
Northern District of California

disqualification under Sections 144 or 455, or Judicial Canon 3(C).  No reasonable person would conclude otherwise.

Foregger's lawsuit before Judge Gilliam is in a very early stage, and she has already filed four requests to disqualify Judge Gilliam and two motions to disqualify counsel for defendant Redfin.  *See* Dkt. Nos. 44, 46, 48, 57-59.  Foregger is advised that these filings needlessly multiply the expenditure of judicial and party resources on claims fairly characterized as frivolous.  Further frivolous filings may result in termination of Foregger's ECF filing privileges, and other sanctions. No new requests to disqualify Judge Gilliam on the contentions already stated will be accepted for filing.

**IT IS SO ORDERED.**

Dated: June 30, 2025

JAMES DONATO
United States District Judge

3