UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA FOREGGER,<br><br>Plaintiff,<br><br>v.<br><br>REDFIN CORPORATION,<br><br>Defendant. | Case No. 24-cv-05701-HSG<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 45 |

Pending before the Court is Defendant Redfin Corporation's motion to dismiss, Dkt. No. 45. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court GRANTS the motion to dismiss.

I. **BACKGROUND**

In July 2024, Plaintiff filed a complaint against her former employer, Defendant Redfin Corporation, alleging that several attorneys representing Redfin made false statements about her during proceedings in California state court. *See* Dkt. No. 1-2. Redfin moved to dismiss the complaint, Dkt. No. 8, and the Court granted the motion with leave to amend. *See* Dkt No. 36. The Court held that Plaintiff's complaint (1) "d[id] not adhere to Rule 8"; (2) "fail[ed] to set out a short and plain statement of a defamation claim"; and (3) did not indicate the "cause of action Plaintiff intends to assert against Defendant." *Foregger v. Redfin Corp.*, No. 24-CV-05701-HSG, 2025 WL 917103, at *2–3 (N.D. Cal. Mar. 26, 2025).

In May 2025, Plaintiff filed an amended complaint, asserting that Redfin "fraudulently us[ed] the court system to silence a whistle blower." Dkt. No. 41 ("Compl."). The allegations in the complaint are difficult to piece together, but the Court understands them as follows. After Redfin terminated Plaintiff's employment, Plaintiff states that she "had plans to expose [Redfin] to

1   the public." *Id.* at 6.  The parties ended up in a dispute regarding a workplace restraining order.
2   During restraining order proceedings before Judge Joscelyn Jones in Alameda County Superior
3   Court, Plaintiff alleges that "Taylor Neff . . . call[ed] herself my co-worker as opposed to an
4   attorney." *Id.*  According to Plaintiff, this alleged misrepresentation was "basically [a] lie[] to the
5   Court in order to shut someone up." *Id.* at 9.  Plaintiff broadly contends that she has "been harmed
6   because this workplace violence issue is affecting my real estate business." *Id.*
7       Redfin now moves to dismiss Plaintiff's amended complaint on the basis that
8   "fraudulently using the State Court to try and silence a whistleblower . . . is not a cognizable cause
9   of action."  Dkt. No. 45 ("Mot.") at 12.  In the alternative, Redfin asks the Court to order Plaintiff
10  to file a more definite statement, or to compel Plaintiff's claims to arbitration.  Plaintiff opposes
11  the motion, Dkt. Nos. 52–54.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). Nevertheless, "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## III.   DISCUSSION

Plaintiff appears to assert one claim against Redfin: "fraudulently using the State Court to try and silence a whistleblower." Compl. at 9.[1] No such cause of action exists. As the Court explained in its order resolving Redfin's first motion to dismiss, to the extent that Plaintiff intends to bring a claim for "fraud on the court," she must clearly identify "the who, what, when, where, and how" of any alleged fraudulent conduct. *See United States v. Est. of Stonehill*, 660 F.3d 415, 443–45 (9th Cir. 2011) (explaining the elements of fraud on the court); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the 'who, what, when, where, and how' of the misconduct charged."). Plaintiff's amended complaint alleges that "Taylor Neff was falsely in a state court calling herself my co-worker as opposed to an attorney," and that it is not "an ok practice for either a corporation or its attorneys to basically li[e] in Court to try and shut someone up." Compl. at 6, 9. These assertions are insufficient to meet the heightened pleading standard to state a cognizable claim for fraud under Federal Rule of Civil Procedure 9(b). Even construing Plaintiff's complaint with the utmost leeway, the Court remains unable to discern Plaintiff's claim(s), the legal basis for them, or the factual matter on which they stand. For example, while Plaintiff checked the box in the complaint indicating that the case "involves a federal law or right," the complaint does not actually name any federal statute or constitutional provision, or explain how it applies here.[2] *See id.* at 3.

---

[1] Plaintiff does not reassert the apparent defamation claim the Court found to be inadequately pled in the original complaint.

[2] Moreover, Plaintiff again appears to seek only damages, which are not available as a remedy for a "fraud on the court" claim. *See Edwards v. Edwards*, No. CV2300552FMORAO, 2023 WL

3

1      "[A] pro se litigant . . . must meet some minimum threshold in providing a defendant with

2   notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of Navy*, 66 F.3d

3   193, 199 (9th Cir. 1995). Despite the Court's instructions to Plaintiff explaining what was needed

4   to remedy the deficiencies in the prior complaint, Plaintiff has not met this minimum threshold.

5   *See Foregger*, 2025 WL 917103, at *3. Accordingly, the Court grants Redfin's motion to dismiss,

6   Dkt. No. 45.[3]

## IV. LEAVE TO AMEND

"Dismissal of a pro se complaint without leave to amend is proper only if it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (quoting *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987)). The Court previously explained what Plaintiff would need to do to fix her complaint and gave her an opportunity to do so. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); *Foregger v. Redfin Corp.*, 2025 WL 917103, at *3. The Court also warned Plaintiff that any future complaint "may be dismissed if she does not correct the deficiencies the Court has identified." *Id*. But Plaintiff's amended complaint repeats those deficiencies. Based on the nature of the defects in Plaintiff's amended complaint and Plaintiff's failure to remedy the issues identified in the original complaint, the Court finds that granting leave to amend would be futile. "Where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) (internal citation omitted). The Court exercises that discretion here and denies leave to amend.

---

3010158, at *4 (C.D. Cal. Apr. 19, 2023); Compl. at 10.

[3] The Court does not reach Redfin's motion to compel arbitration. However, the Court notes that the parties' arbitration agreement states that it covers "disputes arising out of or relating to the . . . employment relationship, or the termination of that relationship (including post-employment defamation or retaliation) . . . discrimination . . . and all other federal or state legal claims . . . arising out of or relating to your . . . employment, or the termination of employment." Dkt. No. 8-5. Plaintiff has not addressed issues of arbitrability beyond asserting in September 2024 that "I don't think that the arbitration agreement still applies." Dkt. No. 18.

4

## V. CONCLUSION

The Court **GRANTS** Redfin's motion to dismiss, Dkt. No. 45, **WITHOUT LEAVE TO AMEND**. The Court **DIRECTS** the Clerk to enter judgment in favor of Defendant and to close the case. This Order **TERMINATES as MOOT** Dkt. Nos. 48, 57, and 62.

The Court recognizes, and respects, that Plaintiff Foregger may disagree with this ruling. She is entitled to appeal this decision before the Ninth Circuit. To do so, Plaintiff must file a notice of appeal within thirty days of the entry of judgment in this case. *See* Federal Rule of Appellate Procedure 4(a)(1). Plaintiff can refer to the Federal Rules of Appellate Procedure and the Ninth Circuit Rules for instructions on how to file an appeal. The Ninth Circuit, not this Court, is the proper forum for Plaintiff to raise any disagreement with this Order, and an appeal is the required mechanism for doing so.

The Court recognizes that Plaintiff Foregger has repeatedly asked the Court to answer certain questions, including (1) whether Taylor Neff may practice law in the state of California, (2) whether certain attorney conduct was appropriate, and (3) whether Mr. Wojcik was required to "turn in" Taylor Neff to the "correct authorities." *See, e.g.,* Dkt. No. 34 at 2 ("To the current Judge I'm in a very disturbing situation where the California Bar Association is refusing to answer my questions about unethical behavior of Redfin attorneys so I'm hoping you can answer the questions."). The Court recognizes Plaintiff's desire to get answers to these questions. However, this Court can only decide claims and resolve questions that are appropriately presented to it and have a proper legal basis. As previously explained, *see* Dkt. No. 35, the Court cannot provide legal advice or do legal research for any party.

No further filings will be considered in this closed case. If Plaintiff continues to file motions or other documents, the Court may revoke her e-filing privileges, direct the Clerk not to accept any further filings, or take other appropriate action.

**IT IS SO ORDERED.**

Dated:  7/2/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge